The Court grants the Petition for Rehearing filed by the Appellant limited, however, to the following issues:
 

 1. In the context of a claim brought in a state court challenging a state statute under the First Amendment overbreadth doctrine, are state courts required to apply the same standing requirements as to that claimant that the claimant would be accorded in a federal court considering a similar First Amendment overbreadth claim?
 

 2. Assuming, arguendo, that the first question is answered in the affirmative, has the Appellant (a) waived the argument presented in the Petition for Rehearing at pages 1 through 5 as not made in Appellant's briefs or on oral argument; and (b) is appellate consideration of the issue barred because Appellant approbated and reprobated (e.g., did Appellant agree in prior proceedings in this case that a state court may establish its own standing requirements but in its petition for rehearing contend that a state court must, at a minimum, apply federal standing requirements)?
 

 3. Assuming, arguendo, that the first question is answered in the negative and a state court is not required to accord equivalent standing, as in a federal court, in a First Amendment overbreadth challenge to a Virginia statute involving commercial speech, what is the precedential effect of
 
 Wayside Restaurant, Inc. v. City of Virginia Beach,
 

 215 Va. 231
 
 ,
 
 208 S.E.2d 51
 
 (1974)?
 

 Appellant's brief, which shall not exceed 20 pages, shall be filed no later than May 8, 2008; Appellee's brief, which shall not exceed 20 pages, shall be filed no later than May 16, 2008; and Appellant's reply brief, if any, which shall not exceed 10 pages, shall be filed no later than May 22, 2008.
 

 Justice KEENAN took no part in the consideration of this matter.
 

 Upon a Petition for Rehearing
 

 (May 19, 2008)
 

 By order dated April 28, 2008, the Court granted a petition for rehearing in the above-styled case limited to three issues stated in the order. Resolution of these issues may require consideration of Appellant's assignment of error 2 claiming that Code § 18.2-152.3:1 abridges the First Amendment right to anonymous speech and that Jaynes has standing to raise this challenge. Therefore, the record, for purposes of this rehearing, will include all previously filed briefs, record and argument of counsel relevant to these issues in addition to the argument of counsel and briefs presented pursuant to the April 28 order. The parties, if they so desire, may address the First Amendment and standing issues in oral argument, in addition to the three issues stated in the April 28 order.
 

 The rehearing does not include issues decided in the Court's February 29, 2008 opinion upon which no rehearing has been granted: to wit, that the Court of Appeals did not err in ruling that the circuit court had jurisdiction over Jaynes, that Code § 18.2-152.3:1 was not unconstitutionally vague, and that the code section did not violate Article I, Section 8 of the United States Constitution, the "dormant" Commerce Clause.